**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Quentin S. Broom, Jr., Respondent,

v.

Ten State Street, LLP, Timothy D. Scranton, Mark Broadwater, and H. Hugh Andrews, Defendants,

Of whom H. Hugh Andrews, Individually and on behalf of Tri-Star Communications, Inc., is the Appellant,

v.

Quentin S. Broom, Jr., Third-party Defendant.

Appellate Case No. 2013-000514

———————————

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-030
Heard September 11, 2014 – Filed January 14, 2015

———————————

**REMANDED**

———————————

John S. Nichols and Blake Alexander Hewitt, both of
Bluestein Nichols Thompson & Delgado, LLC, of

Columbia, and Rodney F. Pillsbury, of Pillsbury & Read, PA, of Greenville, for Appellant.

James R. Gilreath, of the Gilreath Law Firm, PA, of Greenville; Patrick E. Knie, of Patrick E. Knie, PA, of Spartanburg; Susan Foxworth Campbell and Whitney Boykin Harrison, both of McGowan Hood & Felder, LLC, of Georgetown and Columbia, respectively; all for Respondent.

---

**PER CURIAM:**  This is an appeal from the trial court order dismissing H. Hugh Andrews's amended complaint pursuant to Rule 12(b)(6), SCRCP.  The trial court found Andrews's claims were derivative in nature; therefore, it ruled his failure to comply with the requirements of Rule 23(b)(1), SCRCP, was grounds for dismissal.  On appeal, Andrews argues the trial court erred in finding that all his claims were derivative.  He maintains that he appropriately maintained certain claims in his individual capacity, and, therefore, Rule 23(b)(1), SCRCP, did not apply to them.  Andrews also contends that even if all his claims are derivative, he should not be required to follow the procedures set forth in Rule 23(b)(1), SCRCP. Finally, Andrews contends the trial court erred in failing to grant his motion to amend his pleadings to comply with Rule 23(b)(1), SCRCP.  We remand.

After the trial court dismissed Andrews's claims, Andrews filed two motions: a motion for reconsideration and a motion to amend his answer and counterclaims. The court heard arguments on these motions in the same hearing.  During the hearing, Andrews requested the trial court allow him to amend his pleadings because he wanted to

> bring the factual allegations of the complaint current to information that was learned from discovery so that in the event that there would be an appeal, the appellate court would be looking at the information that was known to the parties because it's a 12(B)(6) motion and it's not a summary judgment motion.

Broom argued that because the trial court dismissed the counterclaims, Andrews was "asking to be permitted to amend something that does not exist."  Following

the hearing, the trial court denied the motion to reconsider but did not rule on the motion to amend.

Because the record indicates the trial court never ruled on the motion to amend, we remand to the trial court for a ruling on this motion. On remand, the trial court is instructed to consider whether justice requires the amendment and whether Broom will be prejudiced by the amendment. *See* Rule 15(a), SCRCP (stating leave to amend shall be freely given when justice requires and does not prejudice any other party); *Stanley v. Kirkpatrick*, 357 S.C. 169, 174, 592 S.E.2d 296, 298 (2004) (recognizing "the party opposing the motion has the burden of establishing prejudice").[1]

**REMANDED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] In light of our decision, we decline to reach the remaining issues.